IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TONY E. KANNO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-11-32-F |
| | ) | |
| THREE UNKNOWN AGENTS OF THE | ) | |
| FEDERAL MARSHALS OF OKLAHOMA | ) | |
| CITY OFFICE, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff has filed a civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1999) alleging violations of his constitutional rights. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). An initial review of the Complaint [Doc. #1] has been conducted pursuant to 28 U.S.C. § 1915A. It is recommended that the action be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous and for failure to state a claim upon which relief may be granted.

**I.**     **Background and Claims Asserted**

At the time this Complaint was filed, Plaintiff, a citizen of Nigeria, was incarcerated in the David C. Moss Criminal Justice Center in Tulsa, Oklahoma. Plaintiff contends that the unidentified defendants violated his right to privacy, his rights under the Fifth Amendment, and "abused his civil rights on a number of issues." Complaint at 1. He states

that the defendants have sentenced him to death after making charges against him in a secret court. Complaint at 7; 13.

According to Plaintiff, he became aware that he was under investigation in late 2002. He contends that the investigation continued when he moved to Chattanooga, Tennessee. He states that he "heard the investigators on the roof" of the building where he was living and working. When he returned to Oklahoma, Plaintiff contends, the "privacy invasion" continued at the house of a friend with whom he was staying. When he moved to an apartment in Oklahoma City, he states that he heard the investigators in his air conditioning vent. Thereafter, he and his family moved to a home, also in Oklahoma City. He heard the investigators in his attic. He states that the investigators "tried to get [him] on a fake child molestation case." Plaintiff states that he then wrote to the biggest newspapers in the country and "spooked" the investigators. Complaint at 7-9.

In 2006, according to Plaintiff, a federal marshal and an Oklahoma City policeman banged on the door of a motel room in which Plaintiff was staying. Plaintiff, who has allegedly been under a deportation order since 1986, was confused as to why these officials did not arrest him. Thereafter, he allegedly found two child pornography tapes that had allegedly been "planted" in his belongings by the agents. Plaintiff states that he saw the same federal marshal near the side of his home some five weeks later. He states that the federal marshal was dressed as an employee of the Oklahoma Gas and Electric Company. Complaint at 9-11.

According to Plaintiff, defendants have used "domestic drones" to torture him. The drones, according to Plaintiff, use a microwave that can "boil, cook any part or parts of your body to very high temperatures." Complaint at 15. He is alive, Plaintiff claims, because he "understood the weapons very early" and kept himself as wet as possible. *Id.*

After he was arrested by "ICE" and incarcerated at the David L. Moss Criminal Justice Center, a dentist allegedly pulled one of Plaintiff's teeth without pain medication, but Plaintiff does not attribute the dentist's actions to the defendants. According to Plaintiff, the torture with the drones continued during his incarceration. Complaint at 16. Plaintiff seeks actual and punitive damages (Complaint at 16) and an order directing "Homeland Security to stop trying to cause [his] death by use of the domestic drones." Complaint at 5.

## II. Grounds for *Sua Sponte* Dismissal

Pursuant to 28 U.S.C. § 1915A, this Court must review complaints filed by prisoners seeking redress from governmental entities or officers or employees of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court is charged with the duty to dismiss such a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). In conducting the initial review, this Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (quotation omitted). The complaint is, however, reviewed for plausibility; "that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face."

3

*Id.* (quotation omitted). Because Plaintiff is acting *pro se*, this Court must liberally construe his pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

In this case, Plaintiff has not stated a plausible claim for relief. First, "[a] *Bivens* action is subject to the limitation period for an action under 42 U.S.C. § 1983, and that limitation period is set by the personal injury statute in the state where the cause of action accrues." *Young v. Davis* at 1256 (internal quotation and citation omitted). In Oklahoma, the limitations period for a personal injury action is two years. *See* Okla. Stat. tit. 12, § 95(A)(3). It appears that many of the alleged actions of which Plaintiff complains accrued more than two years before the instant case was filed and are, therefore, barred by the applicable statute of limitations. Allegations barred by the statute of limitations are subject to dismissal for failure to state a claim upon which relief may be granted. *See Jones v. Bock*, 549 U.S. 199, 215 (2007).

Additionally, the allegations in Plaintiff's Complaint, whether time barred or not, are frivolous and subject to dismissal on that basis alone. An allegation is "frivolous" if it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). When applied to a complaint, the term "frivolous" encompasses allegations that are fanciful, fantastic or delusional. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. The factual allegations in Plaintiff's Complaint are not merely unlikely; they clearly rise to the level of irrational, incredible, fantastic and delusional.

4

Plaintiff's Complaint is therefore frivolous and should be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A(b)(1).

## RECOMMENDATION

It is recommended that Plaintiff's Complaint be dismissed pursuant to 28 U.S.C. §1915A(b)(1) as Plaintiff's factual allegations are both frivolous and fail to state a claim upon which relief may be granted.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by July __7th__, 2011. *See* Local Civil Rule 72.1. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this __16th__ day of June, 2011.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE